IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODNEY DENMAN,

        Plaintiff,

v.

WESTERN MERCANTILE AGENCY, INC.,

        Defendant.

Civ No. 6:11-cv-6074-TC

OPINION AND ORDER

Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd. Ste. 150
Lake Oswego, OR 97035
    Attorney for Plaintiff

Jeffrey I. Hasson
Davenport & Hasson
12707 NE Halsey St.
Portland, OR 97230
    Attorney for Defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff filed suit alleging that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Plaintiff seeks actual and statutory damages for the alleged violations. Defendant moved for summary judgment on plaintiff's claims, and plaintiff moved for summary judgment as to one claim. On January 23, 2012, Magistrate Judge Coffin issued his Findings and Recommendation and recommended that defendant's motion be granted with respect to plaintiff's claim under § 1692g and that both motions be denied in all other respects. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). The parties filed timely objections to the Findings and Recommendation. I have, therefore, given de novo review of Magistrate Judge Coffin's rulings.

The facts are set forth in the parties' briefs and in the Findings and Recommendation, and I do not repeat them here. I agree with the Findings and Recommendation that plaintiff's claim under § 1692g is barred by the one-year statute of limitations. 15 U.S.C. § 1692k(d). I further agree that questions of fact preclude summary judgment on plaintiff's § 1692h claim, for the reasons explained below. However, I disagree that plaintiff's claim under § 1692e survives summary judgment.

Section 1692e proscribes "false, deceptive, or misleading representations or means" to collect a debt, including the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. 1692e(10). Whether a communication violates § 1692e is judged under

2 - OPINION AND ORDER

the "least sophisticated debtor" standard. Gonzalez v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1061 (9th Cir. 2011). That is, the court must determine whether the "least sophisticated debtor would likely be misled by a communication." Id. (citations omitted).

In response to plaintiff's request for validation of a debt owed by him, defendant provided a copy of the 1999 judgment entered against plaintiff as to that debt. Defendant also stated:

> WE ARE IN RECEIPT OF YOUR DISPUTE LETTER. ENCLOSED IS A COPY OF THE JUDGMENT ISSUED VIA LANE COUNTY COURT. WHEN JUDGMENT WAS ENTERED 1/9/99 YOUR TIME OF DISPUTE WAS OVER. YOU WOULD NEED TO OBTAIN A COPY OF THE SUMMONS AND COMPLAINT FOR THIS CASE FROM THE COURTS IN ORDER TO VIEW THE ORIGINAL CREDITORS THAT ARE IN THE JUDGMENT.
> YOU WERE MAKING $50 PER MONTH PAYMENTS ON THIS CASE IN 2007 AND IN 2010. THE LAST PAYMENT YOU MADE WAS ON 9/20/10. IT'S UNCLEAR WHAT YOUR DISPUTE IS, CONSIDERING YOU WERE PAYING ON THIS. REGARDLESS, ONCE JUDGMENT IS OBTAINED YOUR TIME OF DISPUTE IS OVER. THANK YOU.

Trigsted Decl. Ex. 3 at 2. Plaintiff contends that this communication falsely states that plaintiff can no longer dispute the debt reduced to judgment against him. Applying the "least sophisticated debtor" standard to the plaintiff's allegations, I find that defendant's statement was neither false nor misleading. It was, in fact, accurate.

As defendant correctly notes, a judgment is not a debt; rather a debt is "any *obligation* or alleged obligation of a consumer to pay money arising out of a transaction . . ., *whether or not such obligation has been reduced to judgment*." 15 U.S.C. § 1692a(5) (emphasis added). In other words, the "debt" is an obligation underlying a judgment, not the judgment itself. While a consumer may dispute a debt under the FDCPA, reduction of the debt to final judgment generally establishes the validity of the debt. E.g., Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 319 (1999) (discussing equitable action to recover on a debt; "as a general rule, a creditor's bill

3 - OPINION AND ORDER

could be brought only by *a creditor who had already obtained a judgment establishing the debt*") (emphasis added). Here, plaintiff requested validation of the debt, and defendant provided a copy of the judgment in response to the request. See 15 U.S.C. § 1692g(b). Given the final judgment entered against him, plaintiff has no basis to dispute the underlying debt and offers no evidence that he sought to set aside the judgment, or that he could have challenged the judgment under Oregon law. Moreover, plaintiff cannot challenge a state court judgment in this action. See Howard v. RJF Financial, LLC, 2012 WL 170904, at *2 (D. Ariz. Jan. 20, 2012).

Plaintiff provides no legal authority whatsoever that a debtor may continue to "dispute" a debt reduced to final judgment once validation is provided under the FDCPA. Rather, plaintiff argues that defendant's statement was false and misleading because plaintiff is entitled, in his own mind, to dispute any debt or judgment against him: "disputing a debt, at its most basic level, is something that takes place in the mind of the person who has the dispute." Pl.'s Objections at 3. Regardless of plaintiff's state of mind, the fact remains that final judgment was entered against him in 1999, thus establishing and validating the debt owed by him, and no evidence suggests that the judgment is invalid or was set aside. Therefore, defendant's statement that plaintiff could not dispute the debt underlying the judgment was not false or misleading in these specific circumstances, and summary judgment is granted on plaintiff's § 1692e claim.

With respect to plaintiff's § 1692h claim, that provision provides:

> If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

15 U.S.C. § 1692h. Plaintiff maintains that defendant violated this provision during the limitations

period by applying payments to the debt underlying the 1999 judgment, even after plaintiff told defendant in 2007 that he disputed the judgment. While plaintiff may have told defendant that he "disputed" the 1999 judgment, plaintiff took no action to dispute the judgment or set it aside, and the judgment remains final. Thus, given that the debt is established by final judgment, it is not in "dispute" and defendant did not violate § 1692h by allocating payments toward a disputed debt.

However, § 1692h also requires that a single payment made by a consumer with multiple debts be applied in accordance with the consumer's directions. Plaintiff argues that, regardless of the validity of the debt underlying the 1999 judgment, defendant violated § 1692h by failing to follow his directions when applying payments to his accounts. Plaintiff maintains that "several times" when making payment in 2010, he "asked for clarification as to which account the payments were being applied and reiterated" his dispute of the 1999 judgment. Denman Aff. at 2. Plaintiff further asserts that he was told the payments would not be applied to that debt. Id. Nonetheless, as conceded by defendant, several payments were applied to the debt underlying the 1999 judgment, though defendant maintains that plaintiff did not provide specific instructions with respect to any single payment. Construing all inferences in favor of plaintiff, I find that plaintiff presents just enough evidence to create a genuine issue of material fact as to whether he gave specific instructions to defendant as to the allocation of his payments. It is for the trier of fact to determine whether plaintiff, in fact, gave specific instructions each time he made a payment. Therefore, summary judgment is denied as to plaintiff's § 1692h claim.

## CONCLUSION

For the reasons stated above, Magistrate Judge Coffin's Findings and Recommendation dated January 23, 2012 (doc. 40) is ADOPTED in part. Defendant's motion for summary judgment (doc.

5 - OPINION AND ORDER

25) is GRANTED with respect to plaintiff's claims under §§ 1692e and 1692g and DENIED with respect to plaintiff's claim under § 1692h. Plaintiff's Motion for Partial Summary Judgment (doc. 30) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

/s/ Ann Aiken
Ann Aiken
United States District Judge

6 - OPINION AND ORDER