UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


RODNEY DENMAN,                          Civ. No. 6:11-cv-6074-AA

       Plaintiff,                        FINDINGS OF FACT AND
                                        CONCLUSIONS OF LAW

    v.

WESTERN MERCANTILE AGENCY, INC.

       Defendant.

_____

AIKEN, Chief Judge:

    On March 2, 2011, plaintiff filed suit alleging that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. On October 24, 2012, after trial before the court, I granted defendant's motion for judgment as a matter of law. The following constitutes the court's findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a), and I find that defendant is not liable for the alleged violation of the FDCPA under 15 U.S.C. § 1692h.

1   - FINDINGS OF FACT AND CONCLUSIONS OF LAW

## BACKGROUND

Plaintiff initially filed three claims under the FDCPA. Plaintiff alleged that defendant made false and misleading statements regarding his ability to dispute a debt reduced to judgment, defendant applied payments to a "disputed" debt, and defendant applied payments contrary to plaintiff's instructions, all in violation of 15 U.S.C. §§ 1692e, 1692g, and 1692h. Defendant brought a counterclaim alleging that plaintiff brought this action in bad faith and that defendant is entitled to attorney fees under 15 U.S.C. § 1692k(a)(3).

After review of Findings and Recommendations (F&R) issued by Magistrate Judge Coffin, I agreed that plaintiff's § 1692g claim was barred by the applicable one-year statute of limitations, 15 U.S.C. § 1692k(d), and I also found that plaintiff's § 1692e claim could not survive summary judgment. Specifically, I found that plaintiff could not "dispute" the debt underlying a 1999 judgment entered against him, because the debt had been reduced to judgment and plaintiff had made no effort to set aside or vacate the judgment. Therefore, I found that defendant had not made false or misleading representations under § 1692e. Only plaintiff's claim under § 1692h remained at issue for trial.

Plaintiff alleges that from 2007 to 2010, defendant violated § 1692h by failing to follow his directions when applying payments to his accounts.

2   - FINDINGS OF FACT AND CONCLUSIONS OF LAW

## FINDINGS OF FACT[1]

Defendant is a debt collection agency, and plaintiff has had three accounts with defendant.

Two of plaintiff's accounts (Account1 and Account2) were based on debts for medical services, and these debts were reduced to a single judgment in November 1999 (Judgment Account). Def. Exs. 101, 102, 114.

Plaintiff's third account with defendant was also based on a debt for medical services (Account3). Account3 was assigned to defendant on August 7, 2007 and reduced to judgment in December 2010. Def. Exs. 103, 117.

Plaintiff testified at trial that he first learned of the 1999 judgment in 2007. Plaintiff testified that he informed defendant that he had received no notice of the 1999 judgment, that he "disputed" the judgment, and that he wanted payments applied to his "current" account, or Account3, and not the Judgment Account.

Plaintiff also testified at trial that he had the above-described conversation with defendant's representative in August 2007. During a previous deposition, plaintiff testified that this conversation occurred in March 2007, before Account3 had been assigned to defendant for collection.

---

[1]To the extent that any findings of fact may constitute conclusions of law, they shall also be considered conclusions. Likewise, to the extent that any conclusions of law may constitute findings of fact, they shall be considered findings.

In April 2010, plaintiff made a cash payment in the amount of $50.00. Defendant applied this payment to Account3. Def. Ex. 103 at 4.

In May 2010, June 2010, and July 2010, plaintiff again made payments in the amount of $50.00 each. Defendant applied each of these payments to the Judgment Account. Def. Ex. 101 at 13.

A manager for defendant, Michelle Turner, testified that it was defendant's policy to apply payments to older accounts in the absence of specific direction from the consumer. Ms. Turner could not explain why plaintiff's April 2010 payment was applied to Account3 instead of the Judgment Account. Ms. Turner was not the employee who posted the April 2010 payment, and plaintiff did not call that employee as a witness. Ms. Turner testified that the employee who posted the April payment did not normally work in that capacity and might not have been aware of defendant's policies regarding multiple accounts.

The account notes maintained by defendant do not indicate that, prior to November 2010, plaintiff gave specific instructions or directions to apply payments only to Account3 and not to the Judgment Account. Def. Ex. 101 at 9-13; Def. Exs. 102-103.

Ms. Turner testified that under defendant's policies, the dispute process would be triggered if a consumer raised a dispute with an account or instructed that no payments be applied to a certain account.

4   - FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Judgment Account notes reflect that in November 2010, plaintiff disputed receiving notice of the 1999 judgment and the debts underlying the judgment. Def. Ex. 101 at 14-15.

At trial, plaintiff could not recall a specific conversation with a specific representative of defendant regarding his cash payments in May, June, or July of 2010. Plaintiff also could not recall any specific conversations with defendant from February 2010 to November 2010.

At trial, plaintiff could not recall the account numbers or balances of his accounts with defendant. Plaintiff testified that he had requested but never received this information from defendant.

Plaintiff testified that he received receipts from defendant for his cash payments. As testified to by Ms. Turner and evidenced by the exhibits, the receipts provided the account number, amount of payment, and balance of the account. Def. Exs. 124-25.

## CONCLUSIONS OF LAW

Section 1692h provides:

> If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

15 U.S.C. § 1692h. In other words, § 1692h requires that payments made by a consumer with multiple debts be applied in accordance with the consumer's directions.

5    - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff alleges that defendant improperly applied payments to the Judgment Account from 2007 through 2010. To the extent plaintiff alleges § 1692h violations based on payments made prior to March 2, 2010, such claims are barred by the one-year statute of limitations. 15 U.S.C. § 1692k(d).

Further, I reject plaintiff's argument that the discovery rule tolls the statute of limitations. "[T]he general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 940 (9th Cir. 2009) (internal quotation marks and citations omitted).

For every cash payment, plaintiff received a receipt that included the account number and balance of the account to which the payment was applied. Therefore, plaintiff would have had reason to know of alleged FDCPA violations occurring from August 2007 to March 2010 at the time he made his payments.

With respect to plaintiff's cash payments in May, June, and July of 2010, plaintiff had no recollection or evidence that he had a specific conversation with defendant on a specific date regarding a specific payment. Instead, plaintiff simply testified that he told defendant's representatives numerous times to apply his payments to his "current account" and that he disputed the 1999 judgment. Plaintiff's testimony is contradicted by the account notes and Ms. Turner's testimony.

6   - FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Judgment Account notes reflect no dispute by plaintiff until November 2010. Def. Ex. 101 at 9-14. Further, Ms. Turner testified that a specific direction from plaintiff regarding his May, June, or July 2010 payments would have been reflected in the account notes and would have triggered some type of dispute process under defendant's protocol.

Absent recollection or evidence of a specific direction to defendant with respect to specific payments, plaintiff's testimony fails to establish by a preponderance of the evidence that plaintiff instructed defendant to apply his May, June, and July 2010 payments only to Account3 and not to the Judgment Account.

As to defendant's counterclaim for fees, the evidence does not support a finding that plaintiff brought this action in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3).

### CONCLUSION

Plaintiff fails to establish by a preponderance of the evidence that defendant violated 15 U.S.C. § 1692h, and defendant fails to establish that it is entitled to attorney fees under 15 U.S.C. § 1692k(a)(3). The Clerk is directed to issue Judgment accordingly. IT IS SO ORDERED.

Dated this / day of November 2012.

Ann Aiken
United States District Judge

7    - FINDINGS OF FACT AND CONCLUSIONS OF LAW